# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DYLAN RICHARD JONES,                )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )
                                     )      Case No. 24-cv-2753-DWD
CHAD JENNINGS,                       )
WEXFORD HEALTH SOURCES, INC.,        )
JOHN/JANE DOE,                       )
                                     )
                    Defendants.      )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Dylan Richard Jones, a former inmate of the Illinois Department of Corrections (IDOC)[1], brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center (Robinson). (Doc. 1).  Although Plaintiff is represented by counsel, he is currently incarcerated, so his complaint is still subject to review under Section 1915A.  *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff alleges that he was detained at Robinson through at least August of 2023. In April of 2023, he noticed a large lump behind his knee.  Initial requests for medical

---

[1] Plaintiff's counsel indicated within the text of the complaint that he believes his client is currently detained at the Indiana Department of Corrections Reception and Diagnostic Center.  (Doc. 1, ¶ 5).  .

care were ignored for months.  Plaintiff alleges that without care, he was in immense pain and limped everywhere.  He claims he received an x-ray months after he originally detected the lump, at which time he was told the x-ray was "negative" and that he had a Baker's cyst.  He did not receive any further treatment such as crutches, medications, or a knee brace, and he was not seen again for follow-ups.  Plaintiff alleges that he was in constant and severe pain and filed multiple complaints about his situation.

Eventually, in August of 2023, Plaintiff was transferred to the custody of an Indiana county jail.  He received another x-ray.  While on work release he obtained an MRI in May of 2024.  The MRI revealed an old untreated meniscus tear, and further imaging revealed that Plaintiff had two "slipped disks" which he alleges were caused by limping without treatment for his knee.  Counsel alleges at length in the factual allegations that he has been unable to obtain copies of Plaintiff's masterfile, which he suggests is evidence of an intentional cover-up or an attempt to evade liability for inadequate care.

Plaintiff's pleading enumerates a single claim against all Defendants for deliberate indifference to his medical needs by the total denial or delay of care for his knee injury, which then caused an additional back injury.  Within the enumerated count, Plaintiff explains why an x-ray was insufficient to diagnose a Baker's cyst, and why even if that diagnosis was accurate, it was mismanaged.  Plaintiff alleges that Defendant Chad Jennings (the Warden and Chief Administrative Officer at Robinson) was deliberately indifferent to his situation because he "condoned, knew about, consented to, facilitated, approved, deliberately and recklessly disregarded, and/or turned a blind eye to the

Eighth Amendment violations described herein […] because he failed to address the systematic lapse of Robinson" to provide critical care for inmates with serious medical needs. (Doc. 1 at ¶ 122). Using nearly identical language, Plaintiff faults Wexford Health Sources, Inc. for condoning, knowing about, facilitating, approving, or turning a blind eye to the Eighth Amendment violations that contributed to his injury. (Doc. 1 at ¶¶123-125). He alleges Wexford is aware of systemic lapses in care, and that they intentionally failed to provide care "because of the monetary costs associated with providing treatment." (Doc. 1 at ¶ 126).

## <u>Analysis</u>

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Id.* at 555. Further, because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Furthermore, a generic assertion that one or more defendants engaged in

constitutional violations is not adequately specific. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

Although this complaint is presented as a civil rights action under 42 U.S.C. § 1983, the pleading is largely deficient of information to demonstrate the personal involvement of individual defendants. Plaintiff does not provide specifics about how Defendant Jennings was notified of his personal medical issue, or what Jennings did or failed to do in response to this knowledge. Even a substantive allegation that Jennings turned a blind eye to Plaintiff's situation would at least require some level of detail about how Jennings was made aware of Plaintiff's injury and need for care. There is no supervisory liability under § 1983, so the assertion that Jennings *should have* monitored others does not immediately give rise to a claim under § 1983. *See e.g., Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022) ("supervisory liability cannot attach under § 1983 absent a showing the officer is personally responsible for a deprivation of a constitutional right."). On the thin facts alleged, Plaintiff's complaint is insufficient against Defendant Jennings.

Plaintiff has also named a "John/Jane Doe" defendant, which he describes as "a health care unit administrator or health care staff that directly worked with and purported to (but in fact failed to) provide medical care" to Plaintiff at Robinson. (Doc. 1 at ¶ 8). The assertion that "one or more defendants harmed" me, is simply not enough for a § 1938 claim. *See, Brooks*, 578 F.3d at 580. There are no allegations specific to a John or Jane Doe or group of John or Jane Does anywhere in the complaint. Instead, Defendants are almost always referred to as a generic group, with the exception of the limited assertions against Jennings and Wexford. The bald assertion that one or more

defendants harmed me is not sufficient to state a claim under § 1983 because it is inadequate to demonstrate even a baseline level of personal responsibility.

Finally, Plaintiff generically faults Wexford for violating his rights by allowing systemic lapses in care at Robinson, and/or for refusing to offer care because it would be expensive. Wexford is a corporation that contracts with the state to provide medical care in the prisons. Under controlling precedent, Wexford may be held liable for a constitutional harm caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. *See e.g.*, *Howell v. Wexford Health Sources, Inc.,* 987 F.3d 647, 653 (7th Cir. 2021). "In applying *Monell* and avoiding *respondeat superior* liability, one key is to distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Id.* at 654.

Here, Plaintiff does not have any allegations that plausibly suggest his issues were caused by a Wexford policy, custom, or practice, as opposed to an isolated lapse or misdeed of one or a few employees. Plaintiff hints that he believes cost was a driver in his situation, and the Court acknowledges that Wexford has been faulted in other cases for maintaining cost-cutting policies, but Plaintiff does not say enough about how any such policy impacted his situation to plausibly suggest such an unconstitutional custom, policy or practice that caused him harm. As such, the Court finds Plaintiff's allegations against Wexford insufficient to state a claim.

The Court acknowledges that counsel has expressed difficulty obtaining records from the IDOC, which likely has impacted his ability to plead the complaint with details

such as the names of individual nurses or providers.  While it is not uncommon for inmate-litigants to use John or Jane Doe placeholders, the Court generally requires that at least enough information be provided to understand the basic who, what, when and where of an encounter with a Doe party such that limited exchanges can easily reveal the identity of that individual.  Here, Plaintiff has not even included the most generic of allegations, such as a description of who he saw for an x-ray, when he was seen, or how often and to whom he had requests for follow-up care.  Without this sort of information, the allegations are insufficient to proceed.

### Disposition

Plaintiff's Complaint (Doc. 1) is dismissed as insufficient to state a claim under 28 U.S.C. § 1915A.  Plaintiff shall have 30 days, until February 12, 2025, to file an amended complaint.

**IT IS SO ORDERED.**

Dated: January 14, 2025

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge